**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**EXCELLENT CHOICE, LLC**                                                          **PLAINTIFF**

**V.**                                                   **CIVIL ACTION NO.  3:19-cv-156-CWR-FKB**

**JBA PRODUCE, LLC; LEIGH
ALLEN, IV; RUSSELL M. STITES;
and PRO SOUTH, INC.**                                                  **DEFENDANTS**

**<u>EXCELLENT CHOICE, LLC'S MOTION AND MEMORANDUM FOR ATTORNEYS'
FEES, COSTS, AND PRE-JUDGMENT INTEREST AGAINST
DEFENDANTS PRO SOUTH, INC. AND RUSSELL M. STITES</u>**

COMES NOW Plaintiff Excellent Choice, LLC ("Plaintiff"), by and through counsel, pursuant to Fed. R. Civ. P. 54, and files this Motion for Attorneys' Fees, Costs, and Pre-Judgment Interest against Defendants Russell M. Stites and Pro South, Inc. (the "Stites Defendants"), and in support thereof states as follows:

1. The Plaintiff entered into a contract for the purchase of one hundred (100) containers of yellow pine logs to be shipped from the United States to Ningbo Port, China, for a total agreed purchase of $360,000.00. *See* Complaint, Doc 1.

2. The Plaintiff sent $108,000.00 as a deposit to JBA Produce, LLC and Leigh Allen, IV (the "Allen Defendants"). The Allen Defendants, in turn, sent some or all of Plaintiff's monies to the Stites Defendants, the manufacturers, producers, and shippers of the yellow pine logs.

3. The Plaintiff never received any yellow pine logs.

4. The Defendants never returned Plaintiff's monies, in whole or in part.

5. In the Complaint, as amended on March 7, 2019 [Doc. 4], Plaintiff sought the return of its $108,000.00 deposit payment, together with pre- and post-judgment interest as provided by

law, punitive damages, and reasonable attorneys' fees and costs incurred by Plaintiff. *See* Amended Complaint, Doc. 4.

6.   The Stites Defendants did not respond to the Complaint.

7.   On April 7, 2020, this Court entered its Rule 54(b) Default Judgment against the Stites Defendants. [Doc. 89].

8.   Per the Court's April 3, 2020 Order, April 7, 2020 Rule 54(b) Default Judgment, and Fed. R. Civ. P. 54, Plaintiff now seeks attorneys' fees and costs, and pre-judgment interest.

9.   Under Mississippi law, when punitive damages are awarded, a post-judgment request for attorneys' fees is proper.[1] The grant of attorneys' fees is within the discretion of the trial court and may be awarded so long as punitive damages have been assessed. *Fulton v. Miss. Farm Bureau Cas. Ins. Co.*, 105 So. 3d 284, 285 (Miss. 2012).

10.   Here, this Court has granted punitive damages in the amount of $10,000.00, due to the fraudulent conduct alleged in the Second Amended Complaint. Thus, the grant of attorneys' fees and costs are appropriate.

11.   Plaintiff requests attorneys' fees in the amount of $40,400.00, representing 30% of the amount awarded ($118,000.00), plus a flat rate amount of $5,000.00, as set forth in the Affidavit of Attorney Dorsey Carson, attached hereto as **Exhibit A**. These fees are reasonable and necessary to compensate the Plaintiff for the breaches and bad faith activities of the Defendants,

---

[1] "Mississippi follows the general rule that, in the absence of a contractual agreement or statutory authority, attorney's fees may not be awarded except in cases in which punitive damages are proper." *Tunica County v. Town of Tunica*, 227 So. 3d 1007, 1027 (Miss. 2017).

and to compensate Plaintiff and Plaintiff's counsel based upon the work involved, and high risk of collectability.[2]

12.     Plaintiff requests costs of $1,500.95. The charges and expenses referenced in this Affidavit have been paid in accordance with the fee agreement between CLG and Excellent Choice. These expenses are reasonable and were necessary in this litigation.

13.     Plaintiff requests pre-judgment interest in the amount of $13,989.70, which is based upon a reasonable eight percent (8%) interest on the principal amount of $108,000.00, for five-hundred and twenty-one (521) days, from August 25, 2018 and ending on April 7, 2020.

14.     In Mississippi, a trial judge is afforded discretion in deciding whether to award prejudgment interest where the damages are liquidated and do not require an evidentiary hearing. *Upchurch Plumbing, Inc. v. Greenwood Utils. Comm'n*, 964 So. 2d 1100, 1117 (Miss. 2007).

15.     Pre-judgment interest in the amount of $13,989.70 is proper because the principal amount of liability (the amount of $108,000.00) was known and certain at the time this action was filed. "[P]rejudgment interest may be allowed in cases where the amount due is liquidated when the claim is originally made or where the denial of a claim is frivolous or in bad faith." *Sandoz, Inc. v. State (In re Miss. Medicaid Pharm. Average Wholesale Price Litig.)*, 190 So. 3d 829, 843 (Miss. 2015).

16.     Under Mississippi law, a "debt is liquidated when it is agreed on by the parties, readily determinable or fixed by operation of the law." *Knights Marine & Indus. Servs. v. Gulfstream Enters.*, 216 So. 3d 1164, 1171 (Miss. Ct. App 2017) (quotations omitted). Here, the

---

[2] "'[T]he court shall not require the party seeking such fees to put on proof as to the reasonableness of the amount sought, but shall make the award based on the information already before it and the court's own opinion based on experience and observation. . .'" *Raines v. Bottrell Ins. Agency, Inc.,* 992 So. 2d 642, 648 (Miss. Ct. App. 2008) (*quoting* Miss. Code Ann. § 9-1-41).

debt is liquidated because the amount owed, $108,000.00 was readily determinable by operation of law as the value given for services not received.

17.     Accordingly, because prejudgment interest is proper here, Plaintiff requests prejudgment interest in the amount of 8% per annum, starting from the date of the breach, August 25, 2018 to the date of Judgment, April 7, 2020. In *Knights Marine*, the Mississippi Court of Appeals upheld the award of 8% per annum prejudgment interest and reversed the trial court's determination that prejudgment interest should be limited to the date of the filing of the complaint, based on the contractual nature of the litigation. *Id*. Likewise, here, such an award is reasonable. Further, the award of prejudgment interest in the amount of 8% per annum is reasonable given that equivalent Government SBA 7(a) loans have an average interest rate of 7.25%-9.75%.[3]

18.     Accordingly, here, prejudgment interest of $13,989.70 on the amount of liquidated damages, $108,000.00 is appropriate, beginning at the date of the breach of the Contract, August 25, 2018 and ending on April 7, 2020, the date of the Default Judgment, as stated in the Second Amended Complaint.

WHEREFORE, PREMISES CONSIDERED, Plaintiff Excellent Choice, LLC respectfully moves the Court for an award of attorneys' fees and costs in the amount of $41,900.95, as well pre-judgment interest of $13,989.70, computed at the rate of eight percent (8%) on the principal amount of $108,000.00 from August 25, 2018 to April 7, 2020, for post-judgment interest at a rate set by the Court, and for such further relief as the Court deems proper.

---

[3] See https://www.sba.gov/sites/default/files/articles/Loan_Chart_Jan_2018_Version_A.pdf and https://www.colsonservices.com/main/sbarate/SBA_Max_Allowed_Fixed_Rates.pdf.

Respectfully submitted, this the 21st day April 2020.

                                        <u>*/s/Dorsey R. Carson, Jr.*</u>
                                        Dorsey R. Carson, Jr. (MSB #10493)
                                        Lindsay K. Roberts (MSB #105273)
                                        *Attorneys for Plaintiff*
                                        EXCELLENT CHOICE, LLC

**<u>OF COUNSEL</u>:**

CARSON LAW GROUP, PLLC
125 S. Congress Street, Suite 1336
Jackson, Mississippi 39201
Telephone: (601) 351-9831
Facsimile:  (601) 510-9056
Email: dcarson@thecarsonlawgroup.com
        lroberts@thecarsonlawgroup.com

**CERTIFICATE OF SERVICE**

I, Dorsey R. Carson, Jr., do hereby certify that I have this day filed the above-styled document electronically with the Clerk of Court, which constitutes service by Notice of Electronic Filing upon participants registered in this case with ECF, including the following:

Seth M. Hunter, Esq
DUKES DUKES & HUNTER
P.O. Box 2055
Hattiesburg, Mississippi 39403
shunter@jdukeslaw.com
*Attorney for JBA Produce, LLC & Leigh Allen, IV*

I, Dorsey R. Carson, Jr., do hereby certify that I have this day filed the above-styled document via U.S. Mail on the following:

Mr. Russell Stites
619 Highway 30 East
Booneville, Mississippi 38829

Pro South, Inc.
c/o Mr. Russell Stites, Registered Agent
619 Highway 30 East
Booneville, Mississippi 38829

This the 21st day of April 2020.

　　　　　　　　　　　　　　　　　　　　　*/s/Dorsey R. Carson, Jr.*
　　　　　　　　　　　　　　　　　　　　　OF COUNSEL